UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-1758-L |
| Plaintiff, | |
| vs. | ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION |
| ENRIQUE SANCHEZ-GONZALEZ, | [Doc. No. 37] |
| Defendant. | |

On August 26, 2011, this Court issued a written order granting Defendant's Motion to Dismiss Count One of the Indictment for Invalid Deportation. (Doc. No. 36.) The Government has filed a Motion for Reconsideration. The Government argues that the Court made a clearly erroneous finding of fact in the Order and therefore asks the Court to reconsider and reverse its ruling.

**I.  Background**

In the Order, the Court concluded that the IJ relied upon insufficient evidence to find Defendant was removable. In reaching that conclusion, the Court stated that the IJ had only one document before him: the complaint. The Government argues that this finding was clearly erroneous. The Government asserts that the IJ also had the abstract of judgment before him. The Government states that it submitted the information about the abstract of judgement to the Court eleven days before the Order was issued. The Government notes that on August 15, 2011,

it filed a Notice of Supplemental Exhibit, and provided the Court with the 'records of proceedings from the removal hearing, which included a copy of the abstract of judgment. (*See* Doc. No. 33.) However, this is the first time the Government has made any explicit argument about the abstract of judgment.

Prior to filing the Motion for Reconsideration, the Government never disputed Defendant's repeated contentions that the IJ only considered the charging document at the removal hearing. For example, Defendant stated: "the immigration judge relied solely on the charging document" (Def. Motion to Dismiss, at 2.) and "the IJ did not even have the benefit of an abstract of judgment. Instead he relied *solely* on the charging document." (Def. Motion to Dismiss, at 8.) The Government never challenged Defendant's description of the record. Indeed, the Government's papers indicate that it also believed the IJ only had the complaint before him. For example, the Government stated: "the IJ reviewed Defendant's 1999 Amended Information and overt acts, referring to it as the 'charging document,' and entered it as 'Exhibit 2.'" (Gov't Resp. & Opp., at 5.) and "The IJ properly relied on **a** judicially noticeable document (the charging document) and Defendant's admissions . . ." (Gov't Resp. & Opp., at 8.) (emphasis added).

Further, although the Government did file the Notice of Supplemental Exhibit, it never provided any explanation, argument, or analysis of why the documents were significant.[1] The Government now points out that the abstract of judgment was marked with a file stamp, indicating it was "Exhibit 2." However, the file stamp is nearly illegible on the copy of the abstract that was filed under the Notice of Supplemental Exhibit. And the Government did nothing to direct the Court's attention to the file stamp. Moreover, simply filing an exhibit is not a substitute for providing proper factual and legal analysis. Now the government analyzes the

---

[1] The Government also did not explain that the documents filed under the Notice of Supplemental Exhibit were different from copies of the same documents that had been attached as exhibits to the parties' earlier filings. For example, the abstract of judgment was also attached to the Government's first Response and Opposition as Exhibit 2. However, that copy does not bear the file stamp. (*See* Doc. No. 27, Ex. 2.)

document and explains why the Court should find the IJ actually had the abstract of judgment before him.  Given that the Government describes this document as "substantial, compelling, and irrefutable proof that the abstract of judgment was, in fact, before the IJ at the time of Defendant's removal hearing" (Gov't Mot. for Reconsideration, at 4), it is perplexing that the Government never made any argument about it before.  Nevertheless, in the interest of justice, the Court will consider the Government's motion.

**II.     Legal Standard**

Motions for reconsideration are disfavored and should be granted only in limited circumstances, such as when the Court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004). Here, the Government argues reconsideration is appropriate because the Court committed clear error.

**III.    Discussion**

The Court finds that it did not commit clear error in the August 26, 2011 Order.  First, the Court ruled based on the information and the parties' arguments provided at the time.  Second, even though the abstract of judgment appears to be in the record of Defendant's removal hearing, there is no indication that the IJ actually considered or relied on it in finding Defendant removable.

It could be implied that the IJ considered the abstract of judgment based on the exhibit stamp.  However, the transcript of the hearing indicates that he did not consider it.  The IJ specifically noted the precise documents he relied upon: "I've reviewed the charging document and the overt acts, and it meets the definition." (Def. Mot. to Dismiss, Ex. B, at 7:18.)  The IJ did not refer to the abstract of judgment at all.  *Cf. Pagayon v. Holder*, 642 F.3d 1226, 1230 (9th Cir. 2011) (noting the record included both a charging document and an abstract of judgment, and the IJ specifically identified and relied on both of those documents, along with the alien's admission).  Therefore, given the state of the record, the Court reaffirms its finding that Defendant's admission could not be considered under *Pagayon*.

The Court notes that the Government's argument has merit, as the file stamp corroborates its theory that the abstract of judgment was before the IJ. However, the Defendant's argument is equally compelling, particularly given the transcript of the removal hearing. This motion therefore, presents a close call. But on reconsideration, where the Court must find clear error, the Court is not persuaded that reversal is appropriate.

**IV. Conclusion**

Based on the foregoing, the Court finds that it did not commit clear error in finding the IJ relied upon insufficient evidence to find Defendant removable. Accordingly, the Government's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED: September 12, 2011

_____
M. James Lorenz
United States District Court Judge